UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------- X

NILSON SACARDI,                                       :        **MEMORANDUM**
                                                      :        **DECISION AND ORDER**
                              Plaintiff,              :
                                                      :        10 Civ. 5605 (BMC)
              - against -                             :
                                                      :
GREEN FIELD CHURRASCARIA, INC., et al.,              :
                                                      :
                              Defendants.             :

-------------------------------------------------------- X

**COGAN**, District Judge.

　　Plaintiff moves to recover costs and reasonable attorneys' fees for his attorney, Lauren

Goldberg, Esq., pursuant to my Findings of Fact and Conclusions of Law (the "Decision") issued

on August 8, 2012. Familiarity with the Decision, applying the Fair Labor Standards Act

("FLSA") and corresponding provisions of the New York Labor Law (both of which permit an

award of attorneys' fees to a prevailing plaintiff), is presumed. No opposition has been filed but

I have independently considered the reasonableness of the requested fees and costs. In addition,

I have been assisted by plaintiff's counsel's candid discussion of what might have been raised as

potential infirmities in her application. I grant the motion for the following reasons.

　　Courts within the Second Circuit generally employ the "presumptively reasonable fee"

method when analyzing attorneys' fees motions. See Arbor Hill Concerned Citizens

Neighborhood Ass'n v. County of Albany & Albany County Bd. of Elections, 522 F.3d 182, 190

(2d Cir. 2008). Under this method, courts multiply the "amount of time reasonably spent by

counsel" by a reasonable hourly rate to derive a presumptively reasonable overall fee. Cover v.

Potter, No. 05-7039, 2008 WL 4093043, at *5 (S.D.N.Y. Aug. 29, 2008). A court must then

determine whether this presumptively reasonable fee is subject to an upward or downward departure. Id. at *6.

First, I will observe that the hourly rate claimed by plaintiff's counsel, $275 per hour, is reasonable. To determine reasonable hourly rates, courts must refer to "the prevailing [market rates] in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Blum v. Stenson, 465 U.S. 886, 896 n. 11, 104 S.Ct. 1541 (1984)). The "community" is generally considered the district where the district court sits. See Arbor Hill, 522 F.3d at 190. "Overall, hourly rates for attorneys approved in recent Eastern District of New York cases have ranged from $200 to $350 for partners, $200 to $250 for senior associates, $100 to $150 for junior associates, and $70 to $80 for legal assistants." Cho v. Koam Medical Services P.C., 524 F.Supp.2d 202, 207 (E.D.N.Y. 2007); see also Santillan v. Henao, 822 F.Supp.2d 284 (E.D.N.Y. 2011) (awarding a managing member of firm $375 hourly rate in FLSA case); Lochren v. County of Suffolk, 2010 WL 1207418 (E.D.N.Y. 2010) (awarding attorneys with nine years of experience an hourly rate of $350); La Barbera v. Les Sub-Surface Plumbing, Inc., No. 2:03 CV 06076, 2006 WL 3628024 (E.D.N.Y. Dec. 11, 2006) (awarding $250 per hour in fees for an associate with six years of experience). Petitioner has nine years of experience; she was sole lead counsel throughout the litigation, and while her performance was not flawless – few trial performances are – it was highly competent. She easily deserves the $275 rate.

Second, she handled the case very efficiently. She is seeking compensation for 284 hours expended on the case, which took place over nearly two years from the filing of the complaint to the entry of the Decision (from which no appeal was taken). Her task was complicated by the fact that there were multiple defendants each of whom raised fact intensive defenses relating

2

only to that particular defendant. Moreover, a major issue in the case was which of the individual defendants, if any, was actually responsible under the FMLA for the failure to pay overtime. This required an individualized inquiry into each individual defendant's role in the business. Discovery was thus extensive and involved many party and non-party witnesses. The Joint Pretrial Order was extensively negotiated. The trial lasted four days. The post-trial briefing was also extensive and the Court accepted virtually all of the arguments that plaintiff made. That post-trial briefing also was subject to motion practice as one of the defendants tried to introduce new evidence not introduced during the trial.

I have reviewed Ms. Goldberg's detailed and contemporaneously prepared time records, and I see no excesses. There is no block billing, which some cases have found problematic. See Molefi v. Oppenheimer Trust, No. 03 Cv. 5631, 2007 WL 538547, at *7 (E.D.N.Y. Feb. 15, 2007); Bobrow Palumbo Sales, Inc. v. Broan-Nutone, LLC, 549 F.Supp.2d 274 (E.D.N.Y. 2008). Time increments were kept in 1/100ths of an hour, a more exacting measure than I have ever seen before (I assume, although Ms. Goldberg does not say, that she must have used some sort of computerized time keeping system), thus avoiding the problem of quarter-hour billing instead of 1/10 of an hour billing that some cases have found problematic. See e.g., Cowan v. Ernest Codelia, P.C., 98 civ. 5548, 2001 WL 30501 (S.D.N.Y. Jan. 12, 2001). Since there are a number of time entries at zero, it appears that Ms. Goldberg's time keeping system rounded down, not up. Finally, I note that she has voluntarily reduced her time charges to exclude clerical tasks, tasks related solely to plaintiff's Family and Medical Leave Act claim (which I dismissed at the close of plaintiff's case), and tasks related solely to defendant Daniel Lee, the one defendant as to whom I found no liability.

I agree with plaintiff's argument that as to tasks that overlapped the FMLA claim and Daniel Lee, no further reduction is required. It is not as if the FMLA claim or the claim against Lee were frivolous; there were more than colorable arguments to support both. Although I ultimately rejected them, they required careful consideration. Moreover, they were probably the smallest part of the case. The fact that plaintiff was successful on the main claims but not on other claims does not mean a reduction is required. See Quarantino v. Tiffany & Co., 166 F.3d 422 (2d Cir. 1999).

Plaintiff's motion for attorneys' fees and costs [99] is therefore granted in its entirety. The Clerk is directed to enter judgment in favor of plaintiff and against defendants Green Field Churrascaria, Inc., Hudson Kim, and Young Dae Kim in the amount of $75,565.79 for attorneys' fees and $7,318.07 in costs, for a total of $82,883.86.

**SO ORDERED.**

s/ BMC

U.S.D.J.

Dated: Brooklyn, New York
       October 16, 2012

4